**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------X
POLAT KEMAL, Individually and on : Case No.
behalf of all others similarly situated, as :
class representative, : **CLASS ACTION COMPLAINT**
: **AND JURY DEMAND**
    Plaintiffs, :
:
        v. :
:
THE HERTZ CORPORATION, :
:
    Defendant. :
---------------------------------------------------X

Plaintiff Polat Kemal, individually and on behalf of all others similarly situated, by his attorneys Shavitz Law Group, P.A., alleges as follows:

### NATURE OF THE ACTION

1. This lawsuit seeks to recover overtime compensation for Plaintiff and similarly situated individuals who have worked as Location Managers or in comparable roles with different titles ("LMs") for Defendant The Hertz Corporation ("Hertz" or Defendant) at any Hertz, Dollar, Thrifty, or Dollar/Thrifty branded car rental location in New York at any time from the period beginning six years prior to the filing of this lawsuit through the date of final judgment (the "New York Class Period"), pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law, Article 19, §§ 650, *et seq.* ("NYLL" or "New York Labor Law") and supporting regulations.

2. Hertz operates its worldwide vehicle rental business through multiple brands, including Hertz, Dollar, and Thrifty.

3. Defendant utilizes LMs as part of its workforce at its rental locations. LMs' primary duties are waiting on customers at the vehicle rental counter, driving vehicles from one location to another, washing vehicles, handling vehicle returns, and general customer service.

4. Throughout the New York Class Period, it was Defendant's policy to uniformly classify LMs as exempt from the New York Labor Law and not to pay LMs any overtime wages.

5. To serve their customers' needs and maximize profits, Defendant regularly requires LMs to work in excess of 40 hours per week during the New York Class Period.

6. In order to minimize labor costs, Defendant staffs its rental locations leanly and strictly manages hours worked by non-exempt, hourly workers to avoid paying them overtime wages. To compensate for this deliberate understaffing, Defendant relies heavily on its salaried LMs to staff the rental locations when there are not enough hourly employees to properly do so. Because of Defendant's rental location hours and lean staffing model, LMs regularly work in excess of forty (40) hours per workweek and frequently work ten or more hours a day.

7. The primary duties of LMs do not fall under any of the exemptions to the New York Labor Law.

8. Although they are labeled "managers," LMs are not responsible for true management functions. To the contrary, LMs spend the vast majority of their time performing the same duties as non-exempt, hourly employees such as working with customers at the rental counter, shuttling cars between lot locations, washing cars, fueling cars, performing routine data entry and clerical work, working the gate, and handling car returns and checking in cars. These are the same tasks performed by hourly employees.

9. By the conduct described in this Class Action Complaint, Defendant has violated the New York Labor Law by failing to pay LMs, including Plaintiff, the overtime wages they have earned and to which they are entitled by law.

## THE PARTIES

### *Plaintiff Polat Kemal*

10. Plaintiff Polat Kemal ("Kemal") is an adult individual who is a resident of Astoria, New York.

11. Kemal was employed by Defendant as a LM from approximately May 2013 to October 2015 at rental locations in New York, New York.

12. Defendant paid Kemal an annual salary of approximately $46,000 and did not pay Kemal any wages for any hours worked in excess of 40 in any workweek in which Kemal worked as a LM.

13. Pursuant to Defendant's policy, pattern, and/or practice, Kemal regularly worked more than 40 hours in a workweek, but was not compensated for overtime hours worked. Kemal typically worked between 50 to 60 hours per week. Kemal was typically scheduled to work five, nine-hour shifts, and typically he worked Monday, Thursday, Friday, Saturday, and Sunday. Kemal mostly worked one to three hours beyond his scheduled shifts (and sometimes even longer hours), resulting in Kemal working 10 to 12 hour shifts, five days per week, and 50 to 60 hours per workweek.

14. During the workweeks of September 15 and September 22, 2014, Plaintiff worked approximately 55 to 60 hours in each workweek and did not receive any pay for any hours worked in excess of 40 in a workweek in violation of the NYLL.

15. At all times relevant hereto, Kemal was a covered employee within the meaning of the NYLL.

## *Defendant*

### *Defendant The Hertz Corporation*

16. Hertz is a subsidiary of Hertz Global Holdings, Inc., but the company operates Hertz and Hertz Global Holdings as one enterprise. Hertz and Hertz Global Holdings, Inc. are publicly traded corporations organized and existing under the laws of Delaware sharing their corporate headquarters in Estero, Florida.

17. Throughout the New York Class Period, Hertz is and was a covered employer within the meaning of the NYLL and employed Plaintiff and similarly situated employees within the meaning of the NYLL. Hertz had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

18. At all times relevant, Hertz maintained control, oversight and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

19. Hertz applied the same employment policies, practices, and procedures to all LMs during the New York Class Period.

20. At all times relevant, Hertz's annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

21. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

22. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

23. The United States District Court for the Southern District of New York has personal jurisdiction over Defendant because many of the acts complained of and giving rise to the claims alleged occurred in and emanated from this District.

24. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and the Defendant is subject to personal jurisdiction in this district. At all times material hereto, Plaintiff performed work for Defendant at its rental locations located in New York County in the Southern District of New York, within the jurisdiction and venue of this Court.

## COMMON FACTUAL ALLEGATIONS

25. Plaintiff brings the First Cause of Action, pursuant to the NYLL, on behalf of himself and all similarly situated persons who work or have worked for Defendant as LMs at Defendant's New York rental locations during the New York Class Period (the "New York Class").

26. All the work that Plaintiff and the New York Class have performed has been assigned by Defendant, and/or Defendant have been aware of all the work that Plaintiff and the New York Class have performed.

27. As part of its regular business practice, during the New York Class Period, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the NYLL with respect to Plaintiff and the New York Class. This policy and pattern or practice includes, but is not limited to:

a. willfully failing to pay Plaintiff and the members of the New York Class overtime wages for hours that they worked in excess of 40 hours per workweek;

    b.    willfully misclassifying Plaintiff and the members of the New York Class as exempt from the protections of the NYLL; and

    c.    willfully failing to record all the time that its employees, including Plaintiff and the New York Class, have worked for the benefit of Defendant.

28.    Defendant is aware or should have been aware that the NYLL required Defendant to pay employees performing non-exempt duties, including Plaintiff and members of the New York Class, an overtime premium for hours worked in excess of 40 per workweek.

29.    Defendant did not act in good faith. Upon information and belief, Defendant did not take steps to ensure that their exempt classification of LMs complied with the NYLL.

30.    Defendant did not audit or analyze the exempt classification of LMs to ensure that it met the legal requirements of the NYLL.

31.    Plaintiff and the New York Class all perform or performed the same or similar primary duties.

32.    Defendant's unlawful conduct has been widespread, repeated, and consistent.

33.    Throughout their employment with Defendant, Plaintiff and the members of the New York Class consistently worked more than 40 hours per week.

34.    Plaintiff's and the New York Class' primary duty was not management.

35.    Plaintiff's and the New York Class' primary duties were non-exempt duties, including general customer service and vehicle preparation for rental. Plaintiff and the New York Class spent the vast majority of their time performing non-exempt duties.

36.    During the New York Class Period, Plaintiff and the New York Class were paid a weekly salary for 40 hours of work for their services.

37. Plaintiff and the New York Class were closely supervised by their Directors of Customer Service, General Managers, and Area Managers, who were responsible for the overall performance of the sales team and for coaching and developing sales employees.

38. Plaintiff and the New York Class did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties and were required to follow the policies, practices, and procedures set by Defendant. Plaintiff and the New York Class did not have any independent discretionary authority to deviate from these policies, practices, and procedures.

39. Plaintiff and the New York Class did not have authority (a) to create or implement management policies, practices, and procedures for Defendant; (b) to commit Defendant in matters having significant financial impact; (c) to set employees' wages; (d) to determine how many labor hours could be allocated to their team; or (e) to hire, fire, or promote employees.

## NEW YORK CLASS ACTION ALLEGATIONS

40. Plaintiff brings the First Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and the New York Class who have worked for Defendant as LMs in the State of New York at any time during the New York Class Period.

41. Excluded from the New York Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

42. The persons in the New York Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to

Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

43. Upon information and belief, the size of the New York Class is at least 100 workers.

44. Defendant acted or refused to act on grounds generally applicable to the New York Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the New York Class as a whole.

45. The First and Second Causes of Action are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

    a. whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and the New York Class;

    b. what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

    c. whether Defendant failed and/or refused to pay Plaintiff and the New York Class for all hours worked in violation of the NYLL;

    d. whether Defendant failed and/or refused to pay Plaintiff and the New York Class overtime pay for hours worked in excess of 40 hours per workweek within the meaning of the NYLL;

    e. the nature and extent of New York Class-wide injury and the appropriate measure of damages for the New York Class;

    f. whether Defendant has had a policy of failing to pay workers for time that they work;

    g. whether Defendant failed to compensate Plaintiff and the New York Class for all work Defendant required and/or suffered or permitted them to perform; and

    h. whether Defendant correctly calculated and compensated Plaintiff and the New York Class for hours worked in excess of 40 per workweek.

46. Plaintiff's claims are typical of the claims of the New York Class sought to be represented. Plaintiff and the other New York Class members work or have worked for Defendant and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per workweek. Defendant acted and/or refused to act on grounds generally applicable to the New York Class, thereby making injunctive and/or declaratory relief with respect to the New York Class appropriate.

47. Plaintiff will fairly and adequately represent and protect the interests of the New York Class. Plaintiff understands that, as a class representative, one assumes a fiduciary responsibility to the New York Class to represent its interests fairly and adequately. Plaintiff recognizes that as a class representative, one must represent and consider the interests of the New York Class just as one would represent and consider one's own interests. Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, one must not favor one's own interests over those of the New York Class. Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the New York Class. Plaintiff understands that in order to provide adequate representation, one must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in one's possession, and testify, if required, in a deposition and in trial.

48. Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

49. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a

lawsuit in federal court against a corporate defendant. The members of the New York Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

50. Defendant failed to provide legally required wage statements and wage notices pursuant to the NYLL.

51. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## **FIRST CAUSE OF ACTION**
**New York Labor Law**
**(On behalf of Plaintiff and the New York Class)**

52. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

53. At all times relevant, Plaintiff and the members of the New York Class have been employees and Defendant has been an employer within the meaning of the NYLL. Plaintiff and the members of the New York Class are covered by the NYLL.

54. Defendant employed Plaintiff and the members of the New York Class as an employer in New York.

55. Defendant failed to pay Plaintiff and the members of the New York Class wages to which they are entitled under the NYLL. Defendant failed to pay Plaintiff and the members of

the New York Class for overtime at a wage rate of one and one-half times their regular rates of pay.

56. Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the New York Class members.

57. Defendant did not act in good faith and failed to take steps to ensure that their classification of Plaintiff and the New York Class met the requirements of the NYLL.

58. Due to Defendant's intentional and willful violations of the NYLL, Plaintiff and the members of the New York Class are entitled to recover from Defendant their unpaid wages (including overtime wages), liquidated damages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and such other relief as provided by law.

**SECOND CAUSE OF ACTION**
**New York Labor Law Notice and Recordkeeping Claims**
**(On behalf of Plaintiff and the New York Class)**

59. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

60. NYLL § 195(4) requires every employer to establish and maintain, for at least three years, *inter alia*, payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

61. NYLL § 661 requires every employer to maintain, *inter alia*, true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, and the wages paid to all employees.

62. 12 N.Y.C.R.R. § 142-2.6 requires every employer in miscellaneous industries to establish, maintain and preserve for six years weekly payroll records showing, *inter alia*, each

employee's name, wage rate, number of hours worked daily and weekly, amount of gross and net wages, deductions from gross wages, and any allowances claimed as part of the minimum wage.

63. NYLL § 195(3) requires that every employer furnish each employee with a statement with every payment listing gross wages, deductions and net wages, and upon request of an employee, an explanation of the computation of wages.

64. 12 N.Y.C.R.R. § 142-2.7 requires every employer in miscellaneous industries to furnish each employee a statement with every payment of wages, listing hours worked, rates paid, gross and net wages, deductions, and allowances, if any, claimed as part of the minimum wage.

65. Defendant failed to comply with the notice and record keeping requirements of NYLL §195(1) and 195(3), resulting in penalties under NYLL § 198(1)(b) and 198(1)(d) for Plaintiff and the New York Class.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the New York Class, prays for the following relief:

A. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the NYLL and the supporting United States Department of Labor's and state regulations;

B. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

C. A reasonable incentive award for the Plaintiff to compensate Plaintiff for the time and effort Plaintiff has spent protecting the interests of other LMs, and the risks Plaintiff has undertaken.

D. Certification of the NYLL claims in this action as a class action;

E. Designation of Plaintiff as a New York Class Representative and Plaintiff's Counsel as Class Counsel;

F. An award of damages, appropriate statutory penalties, and restitution to be paid by Defendant according to NYLL according to proof;

G. Pre-judgment and post-judgment interest as provided by NYLL;

H. Attorneys' fees and costs of the action; and

I. Such other injunctive, monetary, statutory, equitable, and other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
June 11, 2019

Respectfully submitted,

*/s/ Michael Palitz*

Michael J. Palitz
SHAVITZ LAW GROUP, P.A.
800 3rd Avenue, Suite 2800
New York, New York 10022
Tel: (800) 616-4000
Fax: (561) 447-8831

Gregg I. Shavitz*
Alan Quiles*
Tamra Givens*
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
Tel: (561) 447-8888
Fax: (561) 447-8831

*to apply for admission *pro hac vice*

***Attorneys for Plaintiff and the Putative New York Class***